**UNITED STATES DISTRICT COURT**
**DISTRICT OF MINNESOTA**

---

Minnesota Laborers Health And Welfare Fund; Minnesota Laborers Pension Fund; Minnesota Laborers Vacation Fund; Construction Laborers' Education And Training Fund of Minnesota And North Dakota; Minnesota Laborers Employers Cooperation and Education Trust,

Plaintiffs,

v.

Peter M. Scanlan, d/b/a S.B.S. Enterprises, and Specialty Building Services, Inc.,

Defendants.

00 CV 2245 (DDA/FLN)

**FINDINGS OF FACT, CONCLUSIONS OF LAW, AND ORDER FOR JUDGMENT**

---

McGrann, Shea, Anderson, Carnival, Straughn & Lamb by PAMELA HODGES NISSEN, Esq. of Minneapolis, Minnesota, appeared for Plaintiffs.

Oppenheimer, Wolff & Donnelly by SARAH L. BEUNING, Esq. of Minneapolis, Minnesota, appeared for Defendants.

---

This matter came before the Court for trial on August 1, 2002. Based upon all of the pleadings, submissions of counsel, and the record, this Court makes the following:

**FINDINGS OF FACT**

1. This matter previously came before the Court on Plaintiffs' Motion for Summary Judgment.

2. On February 4, 2002, this Court issued an Order on Plaintiffs' Motion for Summary Judgment.

3. The terms of that Order, including all of the findings of fact, are adopted and incorporated by reference herein.

4. Pursuant to the findings made in that Order, and in accordance with Fed. R. Civ. P. 52(c), this Court finds that as a matter of law that no additional testimony or evidence is necessary nor will it be allowed with respect to the issue of personal liability for Defendant Scanlan.

FILED NOV 1 8 2002
RICHARD D. SLETTEN, CLERK
JUDGMENT ENTD NOV 1 8 2002
DEPUTY CLERK

5. The parties to this matter have stipulated, without waiving any claims or defenses, and this Court finds that the amount of unpaid fringe benefit contributions, liquidated damages, interest, and attorney fees and costs is $223,820.18.

6. Pursuant to Fed. R. Civ. P. 54(b), the Court makes a determination that there is no just reason for delaying the entry of judgment.

## CONCLUSIONS OF LAW

1. The conclusions of law set forth in the February 4, 2002 Summary Judgment Order, are adopted and incorporated herein. Defendant Specialty Building Services, Inc. is responsible for any unpaid fringe benefit contributions, liquidated damages, interest, and attorney fees and costs to the Funds for hours SBS, Inc. employees worked within the scope of the applicable collective bargaining agreement.

2. Defendant Peter M. Scanlan, d/b/a Scanlan Enterprises is not individually liable to the Plaintiffs for the unpaid fringe benefit contributions, liquidated damages, interest or attorney fees and costs.

The Court having determined that no additional evidence is necessary to the final adjudication of this matter, finds and makes the following:

## ORDER

1. The Clerk shall forthwith enter judgment as follows:

> **IT IS ORDERED, ADJUDGED, AND DECREED,** that the Plaintiffs shall have and recover from the Defendant Specialty Building Services, Inc. the amount of Two Hundred Twenty-Three Thousand Eight Hundred Twenty and 18/100 Dollars ($223,820.18) for fringe benefit contributions, liquidated damages, interest, and attorney fees and costs.
>
> **IT IS FURTHER ORDERED, ADJUDGED, AND DECREED,** that the claim against Defendant Peter S. Scanlan, as an individual, is DISMISSED.

DATED: November 18, 2002.

DONALD D. ALSOP, Senior Judge
United States District Court

# UNITED STATES DISTRICT COURT
# DISTRICT OF MINNESOTA

## CIVIL NOTICE

DATE MAILED TO COUNSEL/PRO SE PARTIES:

The purpose of this notice is to summarize the time limits for filing with the District Court Clerk's Office a Notice of Appeal to the Eighth Circuit Court of Appeals from a final decision of the District Court in a civil case.

***This is a summary only. For specific information on the time limits for filing a Notice of Appeal, review the applicable federal civil and appellate procedure rules and statutes.***

Rule 4(a) of the Federal Rules of Appellate Procedure (Fed. R. App. P.) requires that a Notice of Appeal be filed within:

1. Thirty days (60 days if the United States is a party) after the date of "entry of the judgment or order appealed from;" or

2. Thirty days (60 days if the United States is a party) after the date of entry of an order denying a timely motion for a new trial under Fed. R. Civ. P. 59; or

3. Thirty days (60 days if the United States is a party) after the date of entry of an order granting or denying a timely motion for judgment under Fed. R. Civ. P. 50(b), to amend or make Additional findings of fact under Fed. R. Civ. P. 52(b), and/or to alter or amend the judgment under Fed. R. Civ. P. 59; or

4. Fourteen days after the date on which a previously timely Notice of Appeal was filed.

If a Notice of Appeal is not timely filed, a party in a civil case can move the District Court pursuant to Fed. R. App. P. 4(a)(5) to extend the time for filing a Notice of Appeal. This motion must be filed no later than 30 days after the period for filing a Notice of Appeal expires. If the motion is filed after the period for filing a Notice of Appeal expires, the party bringing the motion must give the opposing parties notice of it. The District Court may grant the motion, but only if excusable neglect or good cause is shown for failing to file a timely Notice of Appeal.